UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| vs. | § | 1:20-cr-00077-LY-2 |
| | § | |
| Glen Richard Johnson, III (2) | § | |

**O R D E R**

Before the Court are Defendant's Motion to Revoke Order of Detention and Set Conditions of Release, filed July 6, 2020 (Dkt. 28), and the Government's Response, filed July 20, 2020 (Dkt. 33). The District Court referred Defendant's Motion to the undersigned on July 7, 2020. Dkt. 29. An oral hearing was held on the motion by videoconference on July 22, 2020.

## I. Background

On March 3, 2020, Defendant was indicted on one count of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) and 2, and one count of Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g)(1). Dkt. 1. A bench warrant was issued, and Defendant was arrested on March 10, 2020. Pursuant to the Government's Motion for Detention, Dkt. 8, a detention hearing was held on March 13, 2020, and Defendant was ordered detained. Dkts. 18, 19.

## II. Analysis

If a person is ordered detained by a magistrate judge, the person may file a motion for revocation or amendment of the order with the court having original jurisdiction over the offense. 18 U.S.C. § 3145(b). Defendant made several arguments for release to home confinement in his motion, but at oral hearing, Defendant instead asked for release to an inpatient drug treatment program following assessment. The Government opposes Defendant's release. *See* Dkt. 33.

After considering the factors set forth in 18 U.S.C. § 3142(g), information in the Pretrial Services Report, and the arguments of counsel presented at the motion hearing and in the parties' briefs, the Court concludes that Defendant's motion to revoke the order of detention pending trial must be denied. Defendant has not introduced sufficient evidence to rebut the presumption under 18 U.S.C. § 3142(e)(3) that no condition or combination of conditions will reasonably assure his appearance as required and the safety of the community. The presumption arises because there is probable cause to believe that Detention committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801-904. Defendant's detention pending trial is ordered on that basis. The Court finds the specific relief Defendant now seeks to be particularly unsuitable, given that Defendant had the opportunity to attend a 20-week inpatient substance abuse program while in state custody in 2019 but left the treatment center halfway through the program and was unsuccessfully discharged.

### III.  Conclusion

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Revoke Order of Detention and Set Conditions of Release (Dkt. 28) is **DENIED**.

**SIGNED** on July 22, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE