UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| -vs- | ) | 1:20-CR-00077-LY-1 |
| | ) | |
| GLEN JOHNSON | ) | |
| | ) | |
| **Defendant.** | ) | |

### SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD DEPARTURE

COMES NOW the Defendant by his attorney Amber Vazquez, and for his Sentencing Memorandum and Request for Downward Departure and in support would show the following:

The PSR was received by the undersigned's office on August 30, 2020, however Mr. Johnson moved to Limestone County Detention Center over 2 hours away and placed in quarantine on arrival. Counsel drove out to review the PSI with Mr. Johnson, since Limestone County has no video visitation system accessible for attorney client meetings, but counsel was told she would not be able to meet with Mr. Johnson until he was out of quarantine. Although counsel sent a copy of the PSI to Mr. Johnson, she was not able to review it with him until September 16, 2020, when he was released from quarantine and able to call counsel.

In addition, Counsel for Mr. Johnson became extremely ill and has been hospitalized and had surgeries, including one on December 16, 2020. Therefore, counsel respectfully asks the court to consider the following objections that are incorporated into this Sentencing Memorandum and Request for Downward Departure.

I.  INTRODUCTION

Glen Johnson is 41 years old, and is one of three children born to Glen Johnson Jr and Marie Wilcox. Glen witnessed his mother physically abused by his father, and his parents divorced in 1984. When he was 12 years old he went to live with his grandparents who lived in Austin, Texas and it is where he has resided ever since that time.

The majority of his life, Glen has battled mental illness, and was diagnosed 18 years ago with Major Depression and Bipolar Disorder. Around the same time his mental illness was diagnosed he began using methamphetamine and marijuana on a daily basis. It was this self medicating behavior that led to the addiction that would effect the rest of his life.

II.  BACKGROUND

Glen Johnson was named in a two-count Indictment in which Count One charged him with Possession with intent to Distribute Methamphetamine in violation of 21 U.S.C. §841 (a)(1) and (b)(1)(C) and 18 U.S.C. § 2 alleged to have occurred between October and December 2019,while Count Two charged him with Possession of Firearm by a Felon, in violation of 18 U.S.C. §922 (g)(1) and 924(a)(2), all of which occurred in December 2019. On July 22, 2020, Mr. Johnson plead to Count Two charging him with Possession of Firearm by a Felon, in violation of 18 U.S.C. 922(g)(1) and 924(a)(2), for the same conduct that happened in December 2019.

The police had received information that Mr. Allen Forrest Cook was distributing large quantities of methamphetamine in Austin, Texas. Mr. Cook is a confirmed member of the gang the Aryan Brotherhood and is a co-defendant in this case that has yet to be

sentenced.  Confidential Informants identified 1144 Richardine Avenue in Austin, Texas as the residence where Mr. Cook resided and distributed methamphetamine.  One CI identified Glen Johnson as residing there as well, although he had just been staying there for a short time as a guest.

   Mr. Cook and Mr. Johnson were childhood friends from growing up together in Austin, and although Mr. Johnson was a member (he has since separated himself) of a rival gang, the Aryan Circle, Mr. Cook allowed him to stay at his place until Mr. Johnson could get back on his feet.  Mr. Johnson, unfortunately, had just left a treatment facility with the acronym SMART, and was in the middle of a full scale relapse.  Due to the rival nature of their organizations, it was made very clear that Mr. Johnson had nothing to do with the methamphetamine distribution that Mr. Cook was engaged in, and that Mr. Johnson would be allowed to be a customer of Mr. Cook.  Conspiring to do any sort of illicit activity together could cost either one of them their lives, but it was well understood that they had been lifelong friends and Mr. Johnson was in desperate need of a place to stay.

   Mr. Johnson did obtain a gun from Mr. Cook, since Mr. Cook was engaged in illegal drug operations out of the house that he was allowing Mr. Johnson to stay as a guest.

   Officers obtained a search warrant for 1144 Richardine Avenue, which was executed on December 20, 2019.  When the "no knock" search warrant was executed there were 6 people in the house.  In Mr. Cook's closet, in a safe that only he had access, they found hundreds of grams of methamphetamine.  In the room Mr. Johnson was

staying, they found 5.89 grams of meth and an Interarms, Model Firestar Plus, 99 caliber, semiautomatic pistol.

It should be noted that the agreed factual scenario states, "Mr. Johnson is not being held accountable for the methamphetamine "Ice" that was located hidden behind a shelf in Mr. Cook's bedroom, as it appeared that Cook was in possession and command of those narcotics.

### III.   3553 FACTORS

**Characteristics of Defendant**

Glen Johnson struggled with drug addiction for years, and it resulted in drug related convictions throughout his adult life. HE was incarcerated when he was a teenager, 18 years old and sent to prison with violent adult men. Mr. Johnson affiliated with the Aryan Circle for protection, but came out more depressed and unbalanced that before and desperate to use methamphetamine again.

Mr. Johnson has repeatedly used his intelligence to create legitimate work for himself as a handyman, however, he continued to struggle with drugs. He would greatly benefit from the drug treatment program since he did not complete the one he left immediately prior to this charge because he is eager to change his life.

**Relevant Conduct**

What is referred to as "relevant conduct" under Section 1B1.3 is perhaps the most important concept governing the calculation of the base offense level under the guidelines. Section 1B1.1(3)(a)(1-4) provides that unless otherwise specified, your client's base offense level will be determined by his own acts, the reasonably foreseeable acts of others

(whether or not charged as a conspiracy) committed in furtherance of jointly undertaken activity (occurring during, in preparation for or in the course of attempting to avoid detection or responsibility), other groupable offenses that were committed as part of the same course of conduct, all harms that were the object of and/or that resulted from such acts and omissions, plus any other information specified in the applicable guideline. Under the November 1, 2015 amendments, Section 1B1.3 and the commentary notes to it was amended. This amendment reflects a much-needed emphasis on a defendant's actual culpability and attempts to clarify the use of relevant conduct in offenses involving multiple participants.

In this instance, Mr. Johnson was in possession of a small amount of methamphetamine for his personal use and a firearm that he obtained from Mr. Cook.

Downward Departure Warranted

The PSIR starts at a Guideline of 24 based on the premise if a defendant used or possessed the firearm cited in the offense of a conviction in connection with the commission of another offense, which was stated to be the first Count in the Indictment, Possession with Intent to Distribute. However, the agreed upon factual basis specifically stated that Mr. Johnson was not being charged with Mr. Cook's drug distribution operation. Arguably, the more equitable level to start would be 20 for the gun.

In addition, the PSIR adds 2 points for being in possession of a pistol, which is confusing because Mr. Johnson's only Count he plead to was possession of a firearm, so it does not make sense to have an upward adjustment for the same core conduct.

Mr. Johnson demonstrated acceptance or responsibility and was given a three point reduction. At a Criminal history level VI, even if the base level were to be calculated for

the gun without the 2 point enhancement for the same gun as a special characteristic, it would place him at a level 17 with a Category 6 criminal history. Mr. Johnson would still face 51 to 63 months in prison, which is a substantial sentence more mere possession with one gun.

As sentence of 51 months with full credit for the year he has been in custody would be long enough to without being gratuitous. The PSR recommended a level 23, which would be a range of 92 months to 115 months, almost the maximum penalty the charge Mr. Johnson plead to carries.

### IV.   CONCLUSION

While Mr. Johnson acknowledges that his guidelines and punishment range are subject to the mandatory minimum, Mr. Johnson would also like the court to consider all the factors above when determining the appropriate sentence.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, counsel for the Defendant respectfully prays that the Court consider the Sentencing Memorandum and adjust the calculated guidelines accordingly, and for such other and further relief at law or in equity to which she may be entitled

Respectfully submitted,

/s/ Amber Vazquez
AMBER VAZQUEZ
The Vazquez Law Firm, PLLC
Texas Bar No. 24039225
608 West 12th St.

Austin, TX  78701
Phone:  512-220-8507
Fax:  512-480-0760

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the forgoing Motion for Continuance, on this 18th day of December, 2020, as follows:

**Doug Gardner**
United States Attorney's Office
816 Congress Ave., # 1000
Austin, Texas 78701
(512) 916-5858

**Cicely R. Bennett**
US Probation
Austin, Texas
Cicely_BEnnett@txwp.uscourts.gov

The Honorable LeeYeakel
United States District Judge

/s/ Amber Vazquez
AMBER VAZQUEZ